**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 06-4421**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HERMAN LEE INGRAM,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Henry E. Hudson, District Judge.  (3:05-cr-00361-HEH)

───────────────

Submitted:  December 4, 2006      Decided:  January 12, 2007

───────────────

Before WILKINSON, NIEMEYER, and WILLIAMS, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Charles A. Gavin, BLACKBURN, CONTE, SCHILLING & CLICK, P.C., Richmond, Virginia, for Appellant. Olivia N. Hawkins, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Herman Lee Ingram appeals from his conviction and 169-month sentence imposed after he pled guilty to distribution of cocaine base in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2006). On appeal, counsel has filed an <u>Anders</u>[*] brief, stating that there are no meritorious issues for appeal, but suggesting that trial counsel was ineffective for failing to accurately determine and advise Ingram regarding the sentencing consequences of his guilty plea. Counsel has also filed a motion to withdraw. The Government has filed a motion to dismiss the appeal, asserting that Ingram's claim of ineffective assistance of counsel is not cognizable on direct review and his appeal is otherwise precluded by the waiver of the right to appeal in his plea agreement. We deny the motion to dismiss the appeal, but nevertheless affirm Ingram's conviction and sentence.

We agree with the Government that the ineffective assistance of counsel claim Ingram seeks to raise is not cognizable on direct appeal. To allow for adequate development of a record, a defendant must bring his claim in a 28 U.S.C. § 2255 (2000) motion, unless the record conclusively establishes ineffective assistance of counsel. <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999); <u>United States v. King</u>, 119 F.3d 290, 295 (4th

_____

[*]<u>Anders v. California</u>, 386 U.S. 738 (1967).

Cir. 1997). Here, the record does not conclusively establish that Ingram's counsel was ineffective.

Despite the fact that Ingram's ineffective assistance of counsel claim is not cognizable on direct appeal, we affirm Ingram's conviction and sentence rather than grant the Government's motion to dismiss. Because counsel has filed an <u>Anders</u> brief on Ingram's behalf, the court is obligated to conduct an independent review of the record to determine whether there are any meritorious issues for appeal. Having done so, we discern no such meritorious issues. Nevertheless, because this process has entailed a substantive examination of the record, we affirm rather than dismiss. We also deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>